UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH RUSSETT, *individually and on behalf of all others similarly situated*,

                      Plaintiff,

-against-

KELLOGG SALES COMPANY,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2022

No. 7:21-cv-08572 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Elizabeth Russett ("Plaintiff") commenced this class action against global food manufacturer, Kellogg Sales Company ("Defendant" or "Kellogg"), individually and on behalf of all others similarly situated, alleging that Kellogg participated in deceptive business practices and/or false advertising by misrepresenting the amount of strawberries in its "Whole Grain Frosted Strawberry" Pop-Tarts through materially misleading labeling.

    Presently before the Court is Kellogg's Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)" and 12(b)(1)[1] ("Rule 12(b)(1)") motion to dismiss Plaintiff's Complaint. (ECF No. 14.) For the reasons discussed below, the motion to dismiss is GRANTED.

## BACKGROUND

    The following facts are derived from the Complaint and are taken as true and construed in the light most favorable to Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(1) in the alternative.

Kellogg, a Delaware corporation, is known as a pioneer of breakfast and snack foods, including Special K, Corn Flakes, Nutri-Grain Bars, BelVita, and Pop-Tarts. ("Compl.," ECF No. 1 ¶¶ 71, 75.) Kellogg manufactures, labels, markets, and sells "Whole Grain Frosted Strawberry Toaster Pastries" ("Frosted Strawberry Pop-Tarts" or "the Product") under its Pop-Tarts brand. (*Id.* ¶ 1.) The front label on the Product's packaging contains representations, including: (1) the words "Frosted Strawberry," (2) an image of half of a fresh strawberry, (3) an image of the Product depicting "the Product's bright red filling," and (4) the words "Made with Whole Grain," as depicted in the image below:



(*See id.* ¶¶ 1–2.) Plaintiff alleges the representations are misleading because "the Product has less strawberries than consumers expect based on the labeling." (*Id.* ¶ 3.) Plaintiff also alleges the Product's label is misleading because the Product "contains mostly non-strawberry fruit ingredients" such as dried pears, dried apples, and dried strawberries. (*Id.* ¶¶ 23–24.) The front label includes strawberries but does not include pears and apples, "even though the fine print of the ingredient list reveals the presence of more of these fruits than strawberries." (*Id.* ¶ 30.) The

front label also fails to inform customers of the percentage of strawberries in the Product relative to pears and apples. (*Id.* ¶ 34.) Plaintiff further alleges that the inclusion of vegetable juice and paprika extract for the red color in the Product further deceives consumers as to the strawberry content of the Product. (*Id.* ¶¶ 46–51.)

Plaintiff, a citizen of New York, has purchased the Product "on one or more occasions" at stores in New York between 2020 and 2021. (*Id.* ¶¶ 69, 79.) Plaintiff relied on the representation that the Product was made with whole grain, which she alleged was true, and claimed she had no reason to expect that the representation as to the amount of strawberries in the Product was not true. (*See id.* ¶ 85.) If she had known of the alleged misrepresentations, she would not have purchased the Product or would have paid less for it. (*Id.* ¶ 88.)

## PROCEDURAL HISTORY

Plaintiff filed a class action Complaint on October 19, 2021. (ECF No. 1.) The Court granted Defendant Kellogg leave to file a motion to dismiss on March 4, 2022. (ECF No. 13.) Defendant then filed a motion to dismiss on May 19, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff's Complaint for failure to state a claim on which relief can be granted. (ECF No. 14.) In the alternative, Defendant moved for an order dismissing Plaintiff's claim for injunctive relief for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). (*Id.*) Plaintiff opposed the motion to dismiss. (ECF No. 16.) On May 26, 2022, Defendant filed a notice of supplemental authority, informing the Court of a decision in *Harris v. Kellogg Sales Co.*, No. 3:21-cv-1040 (S.D. Ill. May 24, 2022) in which the district court dismissed another putative class action filed by Plaintiff's counsel challenging the labelling of Strawberry Pop-Tarts. (ECF No. 18.)

**LEGAL STANDARD**

I.       **Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) provides in relevant part that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

II.      **Fed. R. Civ. P. 12(b)(1)**

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [they] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel.*

 

*N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## DISCUSSION

Plaintiff asserts claims for: (1) violations of N.Y. G.B.L. §§ 349 and 350; (2) violation of state consumer fraud acts; (3) breaches of express warranty, implied warranty of merchantability and the Magnuson Moss Warranty Act; (4) negligent misrepresentation; (5) common-law fraud; and (6) unjust enrichment.

**I.    Plaintiff Fails to State a Claim under Sections 349 and 350 of the New York General Business Law.**

Section 349 of New York General Business Law makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law. § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business." N.Y. Gen. Bus. Law. § 350. To state a cognizable claim for deceptive practices under either section, a plaintiff must show that the act or practice constitutes "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)).

In New York, a claim for false advertising or deceptive business practices must adequately allege that the deceptive act or practice was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)); s*ee also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). "[I]n determining whether a reasonable consumer would have been misled by a particular [act or practice], context is crucial." *Mantikas*, 910 F.3d at 636 (quoting *Fink*, 714 F.3d at 742). "We therefore consider the challenged [act or practice] as a whole, including disclaimers and qualifying

language." *Id*. Though the issue of whether a reasonable consumer was misled by a business act or practice is normally a question of fact, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive [act or practice] would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

Here, Defendant does not dispute that Plaintiff has pleaded consumer-oriented conduct and injury. However, Kellogg only contests the plausibility of allegations that it made any materially misleading representations. The Court agrees. Plaintiff has failed to sufficiently plead that the front packaging is misleading.

Defendant argues that the representations on the front label are not misleading. In particular, Kellogg contends that (1) the front label does not represent that the Whole Grain Strawberry Pop-Tarts contain no fruits other than strawberries, that the filling consists predominantly of strawberries compared to other fruits, or that the filling includes strawberries; (2) all the term "strawberry" conveys is that the filling tastes like strawberries; (3) the statement that Whole Grain Strawberry Pop-Tarts are "Made With Whole Grain" has no bearing on whether the challenged "strawberry" representations are false or misleading; and (4) the red food coloring does not exaggerate the amount of strawberries in the filling. (*See* "Def's Mot.," ECF No. 15, at 22.)

Here, Plaintiff claims the term "Strawberry," combined with a picture of a strawberry and an image of a Pop-Tart oozing with red filling, is misleading. (Compl. ¶¶ 2–3.) Almost identical claims have been brought in two recent federal cases: *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022), and *Brown v. Kellogg Sales Co.*, No. 1:20-CV-7283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022). In *Chiappetta v. Kellogg Sales Co.*, the plaintiff—also represented by Plaintiff's counsel here—alleged that the labeling of Kellogg's

6

Unfrosted Strawberry Pop-Tarts "misled her and other consumers into believing that the Product's fruit filling contained 'only strawberries and/or more strawberries than it does' because it bears the word 'Strawberry,' and it depicts half of a fresh strawberry and red fruit filling." 2022 WL 602505, at *2. The court dismissed this claim, reasoning that "no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term 'Strawberry.'" *Id.* at *4. Even more recently in this District, Judge Carter dismissed another essentially identical claim alleging that the labeling of Kellogg's Frosted Strawberry Pop-Tarts was misleading because it "fail[ed] to disclose that the ingredients include non-strawberry fruit—*i.e.*, apples and pears." *Brown*, 2022 WL 992627, at *3. The court reasoned that Kellogg's strawberry-themed representations are "simply not deceptive," as "[t]he front packaging does not contain any content that would suggest to a reasonable consumer that strawberries are the sole ingredient in the Product," and that "the front packaging cannot be misleading." *Id.* at *4. The case was dismissed with prejudice.

The same reasoning from both *Chiappetta* and *Brown* apply here. The photograph of the fresh half strawberry on the Product's front label must be viewed in context. No reasonable consumer would see the entire product label, reading the words "Pop-Tarts Whole Grain Frosted Strawberry" alongside a frosted strawberry pop-tart with sprinkles, and reasonably expect that fresh strawberries would be the sole ingredient in the Product.

This case is unlike *Mantikas*, in which the product's front label makes assertions such as "Made with [Ingredient]" and/or "[Amount] Grams of [Ingredient] Per Serving." *Mantikas*, 910 F.3d 633. Here, the packaging does not represent that Whole Grain Strawberry Pop-Tarts' main ingredient is strawberries or include an ingredient indicator like "made with" next to "Strawberry" on the packaging label. The ingredient indicator "made with" on the label only refers to "whole

grain" because of the placement of the phrase on the packaging, which accurately represents the basic nature of the food and its main ingredient. In *Red v. Kraft Foods, Inc*., the court dismissed a consumer fraud claim where the plaintiff "alleges that a consumer will read a true statement on a package and will then . . . assume things about the products other than what the statement actually says." No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (emphasis omitted); *see Chuang v. Dr. Pepper Snapple Grp., Inc.,* No. 17-1875, 2017 WL 4286577, at *1 (C.D. Cal. Sept. 20, 2017) (dismissing lawsuit alleging that statements "Made with Real Fruit" and "Made with Real Fruit & Vegetable Juice" falsely suggested that fruit snacks were "nutritious and healthful"). Similarly, the statement that Whole Grain Strawberry Pop-Tarts are "Made with Whole Grain" has no bearing on whether the challenged "Strawberry" representations are false or misleading.

Plaintiff also suggests that Kellogg misled consumers by using vegetable juice and paprika extract color to "give consumers the false impression that the Product contains more strawberries than it does." (Compl. ¶ 38.) Defendant argues that the use of red food coloring, in context, would not lead a reasonable consumer to believe that the fruit filling in the Product was made exclusively from strawberries and not other fruits. (Def.'s Mot. at 23.) A reasonable consumer would not assume based on the packaging colors what the ingredients would be of the specific product. *See Werbel v. Pepsico, Inc*., No. 09-4456, 2012 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (granting motion to dismiss and holding that no reasonable consumer would believe that "bright red" pieces of Crunch Berries cereal "even remotely resemble any naturally occurring fruit of any kind"). Therefore, Plaintiff cannot plausibly allege that the red filling falsely implies the presence, absence, or specific amount of strawberries or any ingredient.

For the reasons above, the Court finds as a matter of law that the Product's packaging would not have misled a reasonable customer. Accordingly, the Court finds that Plaintiff has failed

to adequately plead a materially misleading representation under GBL sections 349 and 350. *See Orlander*, 802 F.3d at 300.

 II. **Plaintiff's Other State Law Claims Must Be Dismissed Because She Has Failed to Plead that the Challenged Representations are Materially Misleading.**

Plaintiff also asserts claims for violation of state consumer fraud acts, breaches of express warranty, implied warranty of merchantability, and the Magnuson Moss Warranty Act, negligent misrepresentation, common-law fraud, and unjust enrichment. Each of these claims concern the same deceptive or misleading packaging as alleged in Plaintiff's N.Y. General Business Law claims. Since Plaintiff has not pleaded an underlying materially misleading representation, the other claims in this case, which hinge on the core theory of an alleged deceptive or misleading label on the Product, must also be dismissed. Courts in this District have taken this approach in lawsuits asserting the same or substantially similar claims after dismissing the GBL claims. *See, e.g.*, *Bynum v. Family Dollar Stores, Inc.*, No: 1:20-CV-06878 (MKV), 2022 WL 837089, at *5– 8 (S.D.N.Y. Mar. 21, 2022); *Wallace v. Wise Foods, Inc.*, No. 20-CV-6831 (JPO), 2021 WL 3163599, at *3 (S.D.N.Y. July 26, 2021); *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 241 (S.D.N.Y. 2021); *Wynn v. Topo Assocs. LLC*, No. 19-CV-11104 (RA), 2021 WL 168541, at *6–7 (S.D.N.Y. Jan. 19, 2021). Since all claims are dismissed, this Court need not and does not reach Kellogg's other arguments.

 III. **Plaintiff's Request for Leave to Amend Is Denied.**

Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178). Where "the moving party

has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile," district courts within the Second Circuit will deny leave to amend. *See Agerbrink v. Model Serv*. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (citing *Foman*, 371 U.S. 178). Based upon the front packaging, ingredients list, and reasoning set forth herein, the Court believes that any amendment would be futile. *See Brown*, 2022 WL 992627, at *3 (denying leave to amend because "any amendment would be futile" on substantially similar claims that were dismissed). Accordingly, Plaintiff's request for leave to amend is denied.

## CONCLUSION

For the reasons discussed above, Defendant Kellogg's motion to dismiss the Complaint is GRANTED.[2] The Clerk of Court is respectfully directed to terminate the motion at ECF No. 14 and to close the case.

Dated:  July 15, 2022                     SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[2] The Court did not undertake a Rule 12(b)(1) analysis since the Complaint was dismissed pursuant to Rule 12(b)(6).